UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION )<br>                                     Plaintiff, )<br>                                            )<br>v.                                           ) | Civil Action No. 08-10649-RWZ |
| DAVID K. DONOVAN, JR. and )<br>DAVID R. HINKLE, )<br>                                Defendants. ) | |

**DEFENDANT DAVID K. DONOVAN JR.'S ANSWER TO COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant, David K. Donovan, Jr. ("Donovan"), in answer to the Complaint filed by the Securities and Exchange Commission ("Commission"), states as follows:

1. Paragraph 1 of the Complaint alleges a legal conclusion to which no response is required. To the extent a response may be required, Donovan denies the allegations and inferences contained therein.

2. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained in Paragraph 2 of the Complaint.

3. Donovan is without sufficient information to admit or deny the allegations and inferences contained within Paragraph 3 of the Complaint.

4. Donovan admits the allegations contained in Paragraph 4 of the Complaint.

5. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained in Paragraph 5 of the Complaint regarding Hinkle's purchase of Covad stock.

    Donovan denies the remaining allegations and inferences contained within Paragraph 5 of the Complaint.

6.    Donovan denies the allegations and inferences contained within Paragraph 6 of the Complaint.

7.    Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained in Paragraph 7 of the Complaint regarding Hinkle's purchase or non-purchase of Covad stock during the relevant period. Donovan admits that his mother had not purchased Covad stock prior to the relevant period and is without sufficient knowledge to admit the remaining allegations and inferences regarding his mother.

8.    Donovan admits that his mother made a profit upon her sale of Covad stock purchased during the relevant period. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained in Paragraph 8 of the Complaint regarding Hinkle's sale of Covad stock. Donovan denies the remaining allegations and inferences contained in Paragraph 8 of the Complaint.

9.    Paragraph 9 of the Complaint alleges a legal conclusion to which no response is required. To the extent a response may be required, Donovan denies any allegations and inferences contained therein.

10.    Paragraph 10 of the Complaint contains a request for relief to which no response is required. To the extent a response may be required, Donovan denies any allegations and inferences contained therein.

11.    Paragraph 11 of the Complaint alleges statements of law and/or legal conclusions to which no response is required. To the extent a response may be required, Donovan denies any allegations and inferences contained therein.

12. Donovan admits so much of the allegations contained within paragraph 12 of the Complaint that allege he is 45 years old, a resident of Marblehead, and was employed as an equity trader at Fidelity from 1992 through March 2005.  Donovan denies the remaining allegations and inferences contained within of Paragraph 12 of the Complaint.

13. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained in Paragraph 13 of the Complaint.

14. Donovan admits that Fidelity Management & Research Company ("FMR") has a place of business in Boston, Massachusetts and is an advisor to institutional clients.  Donovan is without sufficient knowledge to admit or deny the remaining allegations and inferences contained in Paragraph 14 of the Complaint.

15. Donovan admits that FMR Co. has a place of business in Boston, Massachusetts.  Donovan is without sufficient knowledge to admit or deny the remaining allegations and inferences contained in Paragraph 15 of the Complaint.

16. Donovan admits so much of the allegations contained within Paragraph 16 of the Complaint that allege he was an equity trader at Fidelity and denies the remaining allegations and inferences contained in Paragraph 16 of the Complaint.

17. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 17 of the Complaint.

18. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 18 of the Complaint.

19. To the extent that Paragraph 19 of the Complaint purports to quote from, or refer to, Fidelity's Code of Ethics, Donovan states that document(s) speak(s) for itself/themselves and no response is required.

20. Donovan admits the allegations contained within Paragraph 20 of the Complaint.

21. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within the first two sentence of Paragraph 21 of the Complaint. To the extent that the third sentence of Paragraph 21purports to quote from, or refer to, Donovan's employment agreement with Fidelity and/or Fidelity's Code of Ethics, Donovan states that document(s) speak(s) for itself/themselves and no response is required. To the extent that a response is required, Donovan denies the allegations and inferences contained within the remainder of Paragraph 21 of the Complaint.

22. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within the first two sentence of Paragraph 22 of the Complaint. To the extent that the third and fourth sentences of Paragraph 22purport to quote from, or refer to, Donovan's employment agreement with Fidelity, Donovan states that document(s) speak(s) for itself/themselves and no response is required. To the extent that a response is required, Donovan denies the allegations and inferences contained within the remainder of Paragraph 22 of the Complaint.

23. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 23 of the Complaint.

24. Donovan denies the allegations and inferences contained in Paragraph 24 of the Complaint.

25. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 25 of the Complaint.

26. Donovan admits that, as part of his duties at Fidelity, he placed trades with Capital Institutional Services in 2002 and 2003. To the extent that the remaining allegations and

inferences in Paragraph 26 refer to Donovan they are denied.  To the extent that the remaining allegations and inferences in Paragraph 26 refer to others, Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained therein.

27. To the extent that the allegations and inferences in Paragraph 27 refer to other actions, Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 27 of the Complaint.  Donovan denies the remaining allegations and inferences contained within Paragraph 27 of the Complaint.

28. Donovan admits to having a working and social relationship with Hinkle and that they occasionally socialized with their wives.  Donovan denies the remaining allegations and inferences contained within the first two sentence of Paragraph 28 of the Complaint.  Donovan denies the allegations, characterization and inferences contained within the third sentence of paragraph 28.

29. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 29 of the Complaint.

30. Donovan denies allegations and inferences contained within the third sentence of paragraph 30 of the Complaint to the effect that Donovan provided Hinkle with "confidential information from Donovan regarding Fidelity's pending orders to purchase Covad stock."  Donovan is without sufficient knowledge to admit or deny the remaining allegations and inferences contained within Paragraph 30 of the Complaint.

31. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 31 of the Complaint.

32. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 32 of the Complaint.

33. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 33 of the Complaint.

34. Donovan admits that he sought pre-clearance from Fidelity to purchase Covad stock for his personal account and that his request was denied. Donovan is without sufficient knowledge to admit or deny the remaining allegations and inferences contained within Paragraph 34 of the Complaint.

35. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 35 of the Complaint.

36. Donovan denies allegations and inferences contained within the first sentence of Paragraph 36 of the Complaint. Donovan is without sufficient knowledge to admit or deny the remaining allegations and inferences contained within Paragraph 36 of the Complaint.

37. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 37 of the Complaint.

38. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 38 of the Complaint.

39. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 39 of the Complaint.

40. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 40 of the Complaint.

41. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 41 of the Complaint.

42. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 42 of the Complaint.

43. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 43 of the Complaint.

44. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 44 of the Complaint.

45. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 45 of the Complaint.

46. Donovan admits the allegations contained in Paragraph 46 of the Complaint.

47. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 47 of the Complaint.

48. Donovan denies the inferences and allegations contained in Paragraph 48 of the Complaint.

49. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 49 of the Complaint.

50. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within the first sentence of Paragraph 50 of the Complaint.  Donovan denies the remaining allegations contained in Paragraph 50 of the Complaint.

51. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 51 of the Complaint.

52. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 52 of the Complaint.

53. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 53 of the Complaint.

54. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 54 of the Complaint.

55. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 55 of the Complaint.

56. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 56 of the Complaint.

57. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 57 of the Complaint.

58. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 58 of the Complaint.

59. Donovan denies the allegations and inferences contained in Paragraph 59 of the Complaint.

60. Donovan is without sufficient knowledge to admit or deny the allegations and inferences contained within Paragraph 60 of the Complaint.

61. Donovan denies the allegations contained in the first sentence of Paragraph 61 of the Complaint. Donovan is without sufficient knowledge to admit or deny the remaining allegations and inferences contained within Paragraph 61 of the Complaint.

62. Donovan denies the inferences and allegations contained in paragraph 62 of the Complaint.

63. Donovan states that the first sentence of Paragraph 63 of the Complaint alleges a legal conclusion to which no response is required. To the extent a response may be required,

Donovan denies any allegations and inferences contained therein.  Donovan is without sufficient knowledge to admit or deny the remaining allegations and inferences contained within Paragraph 63 of the Complaint.

64. Donovan states that the first sentence of Paragraph 64 of the Complaint alleges a statement of law/legal conclusion to which no response is required.  To the extent a response may be required, Donovan is without sufficient knowledge to admit or deny the remaining allegations and inferences contained within Paragraph 64 of the Complaint.

65. Donovan denies the allegations and inferences contained within the first sentence of Paragraph 65.  Donovan states that the second sentence of Paragraph 65 of the Complaint alleges a legal conclusion to which no response is required.  To the extent a response may be required, Donovan denies any allegations and inferences contained therein.

66. Paragraph 66 of the Complaint is simply a re-allegation of the preceding sixty-five and no further response is required.  To the extent a response is required, Donovan repeats his answers to Paragraphs 1-65 above.

67. Paragraph 67 of the Complaint alleges legal conclusions to which no response is required.  To the extent a response may be required, Donovan denies any allegations and inferences contained therein.

68. Paragraph 68 of the Complaint alleges legal conclusions to which no response is required.  To the extent a response may be required, Donovan denies any allegations and inferences contained therein.

69. Donovan states that Paragraph A of the "Prayer for Relief" is a request for relief from the Court to which no response is required.

70. Donovan states that Paragraph B of the "Prayer for Relief" is a request for relief from the Court to which no response is required.

71. Donovan states that Paragraph C of the "Prayer for Relief" is a request for relief from the Court to which no response is required.

72. Donovan states that Paragraph D of the "Prayer for Relief" is a request for relief from the Court to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The allegations in the Complaint are barred by laches.

### THIRD AFFIRMATIVE DEFENSE

The Commission cannot prove that Donovan acted with the scienter required for willful misconduct.

### FOURTH AFFIRMATIVE DEFENSE

Respondent at all times acted in good faith.

### FIFTH AFFIRMATIVE DEFENSE

Respondent is entitled to recovery pursuant to the Equal Access to Justice Act [5 U.S.C. § 504; 28 U.S.C. § 2412].

Respectfully submitted,

DAVID K. DONOVAN, Respondent
By his Attorneys:


 /s/ Raipher D. Pellegrino
Raipher D. Pellegrino, BBO#560614
rpellegrino@dennerpellegrino.com
Paul J. Andrews, BBO#558574
pandrews@dennerpellegrino.com
DENNER♦PELLEGRINO LLP
265 State Street
Springfield, MA 01103
Tel. No.  (413) 746-4400
Fax No.  (413) 746-5353


**CERTIFICATE OF SERVICE**

I, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the  8th   day of May, 2008:

Richard Harper, Esquire
Martin Healey, Esquire
U.S. Securities and Exchange Commission
33 Arch Street, 23rd Floor
Boston, MA  02110

Daniel P. Tighe, Esquire
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02110

     /s/ Raipher D. Pellegrino
Raipher D. Pellegrino