UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID K. DONOVAN, JR. )<br>and DAVID R. HINKLE, )<br>)<br>Defendants. )<br>) | Case No.: 1:08-CV-10649-RWZ |

## DAVID R. HINKLE'S ANSWER AND AFFIRMATIVE DEFENSES

David R. Hinkle ("Mr. Hinkle"), through his counsel, answers the Complaint as follows:

1. Mr. Hinkle admits from July through September 2003, Mr. Mr. Donovan was an equity trader at FMR Co., Inc. ("Fidelity") and that Mr. Hinkle was a registered representative at Capital Institutional Services. Mr. Hinkle is without information sufficient to admit or deny the allegation about the ownership of FMR. Mr. Hinkle denies the remainder of Paragraph 1, including any allegation that he defrauded Fidelity, that he received confidential information, or that he acted improperly in connection with his purchase of common stock of Covad Communications Group, Inc. ("Covad").

2. Upon information and belief, Mr. Hinkle admits the facts stated in Paragraph 2 of the Complaint.

3. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 3 of the Complaint, and on that basis denies the same.

4. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 4 of the Complaint, and on that basis denies the same.

5. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegation contained in Paragraph 5 of the Complaint that Mr. Donovan viewed Fidelity's pending Covad orders using the internal order database, and on that basis denies the same. Mr. Hinkle denies that part of Paragraph 5 which alleges that confidential trading information of Fidelity and its advisory

clients was disclosed to him. Mr. Hinkle admits that he purchased Covad stock and otherwise, denies the remaining allegations within Paragraph 5.

6. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 6 of the Complaint, and on that basis denies the same.

7. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 7 of the Complaint concerning Mr. Donovan's mother, and on that basis denies the same. Mr. Hinkle admits that he had not purchased Covad stock prior to that period of time referred to by Plaintiff as the "relevant period."

8. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 8 of the Complaint concerning Mr. Donovan's mother, and on that basis denies the same. Mr. Hinkle admits that he profited from sale of Covad stock during the period of time that is referred to in the Complaint as the 'relevant period.' Mr. Hinkle otherwise denies the remaining allegations within Paragraph 8.

9. Paragraph 9 contains legal conclusions to which no answer is required, and on that basis and on the merits, Mr. Hinkle denies any and all allegations contained in Paragraph 9.

10. Paragraph 10 contains legal conclusions and arguments to which no answer is required, and on that basis and on the merits, Mr. Hinkle denies any and all allegations contained in Paragraph 10.

11. Paragraph 11 contains legal conclusions for which no answer is required, and on that basis, Mr. Hinkle denies any allegations contained in Paragraph 11.

12. Mr. Hinkle is without information sufficient to admit or deny the allegations in paragraph 12.

13. Mr. Hinkle admits the factual allegations in Paragraph 13.

14. Mr. Hinkle admits the factual allegations in the first sentence of Paragraph 14. Mr. Hinkle is without information sufficient to admit or deny the allegations in the second and third sentences of paragraph 14.

15. Mr. Hinkle is without information sufficient to admit or deny the allegations in Paragraph 15.

16. Mr. Hinkle admits that Mr. Donovan was an equity trader at Fidelity responsible for placing trades with institutional sales representatives in technology securities. Mr. Hinkle is without information sufficient to admit or deny the remaining allegations in Paragraph 16

17. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 17 of the Complaint, and on that basis denies the same.

18. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 18 of the Complaint, and on that basis denies the same.

19. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 19 of the Complaint, and on that basis denies the same.

Mr. Hinkle is without information sufficient to admit or deny the allegations that appear in the caption between paragraphs 19 and 20.

20. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 20 of the Complaint, and on that basis denies the same.

21. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 21 of the Complaint, and on that basis denies the same.

22. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 22 of the Complaint, and on that basis denies the same.

23. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 23 of the Complaint, and on that basis denies the same.

24. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 24 of the Complaint concerning Mr. Donovan, and on that basis denies the same.

To the extent that the caption that appears between numbered paragraphs 24 and 25 includes factual allegations, Mr. Hinkle denies those allegations.

25. Mr. Hinkle admits the factual allegations in Paragraph 25.

26. Mr. Hinkle admits the factual allegations in Paragraph 26.

27. Mr. Hinkle admits the factual allegations in Paragraph 27.

28. Mr. Hinkle admits that he had a business and social relationship with Mr. Donovan. The characterization of that relationship as 'close' is vague and therefore, Mr. Hinkle is unable to answer it. Mr. Hinkle admits the allegations in the remainder of paragraph 28.

29. Mr. Hinkle admits the factual allegations in Paragraph 29.

30. Mr. Hinkle admits that he had not purchased Covad stock prior to July 2003. Mr. Hinkle admits that he knew that it would be inappropriate for him to buy a security if he was in possession of non-public information that could affect the price of that security, but he otherwise denies the allegations in the second sentence of paragraph 30. Mr. Hinkle denies the allegations in the third sentence of Paragraph 30.

31. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 31 of the Complaint, and on that basis denies the same.

32. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 32 of the Complaint, and on that basis denies the same.

33. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 33 of the Complaint, and on that basis denies the same.

34. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 34 of the Complaint, and on that basis denies the same.

35. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in the first sentence of Paragraph 35, and on that basis denies the same. Mr. Hinkle admits purchasing 15,000 shares of Covad stock on or about July 8, 2003 within the range of prices alleged, but is without information sufficient to admit or deny the allegations about the time of day of those purchases and on that basis denies the remainder of the allegations contained in the Paragraph.

36. Mr. Hinkle denies the allegations in the first and second sentences of paragraph 36. The remaining allegations in paragraph 36 purport to quote documents and therefore require no response, except that the documents, in their entirety, speak for themselves. To the extent that paragraph 36 alleges that email messages support the contention that Mr. Hinkle was aware of Fidelity's alleged plans to purchase Covad shares, Mr. Hinkle denies those allegations.

37. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 37 of the Complaint, and on that basis denies the same.

38. Mr. Hinkle admits that on or about July 16, 2003 he purchased approximately 5000 shares of Covad stock and that on or about July 21 he purchased approximately 10,000 shares of Covad stock.

39. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 39 of the Complaint, and on that basis denies the same.

40. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 40 of the Complaint, and on that basis denies the same.

41. Mr. Hinkle admits that on or about July 31, 2003 he purchased 20,000 shares of Covad stock. Mr. Hinkle is without knowledge sufficient to admit or deny the allegations about the time of day of the purchase.

42. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 42 of the Complaint, and on that basis denies the same.

43. Mr. Hinkle admits the allegation in paragraph 43.

44. Mr. Hinkle admits that on or about August 4, 2003 he purchased 10,000 shares of Covad stock and that on or about August 15, 2003, he purchased 15,000 shares of Covad stock.

45. Mr. Hinkle admits the allegations contained in Paragraph 45.

Mr. Hinkle is without information sufficient to admit or deny the factual allegations that appear in the caption between numbered paragraphs 45 and 46.

46. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 46 of the Complaint concerning Mr. Donovan, and on that basis denies the same.

47. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 47 of the Complaint, and on that basis denies the same.

48. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 48 of the Complaint, and on that basis denies the same.

49. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 49 of the Complaint, and on that basis denies the same.

50. Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 50 of the Complaint, and on that basis denies the same.

51.     Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 51 of the Complaint, and on that basis denies the same.

52.     Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 52 of the Complaint, and on that basis denies the same.

53.     Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 53 of the Complaint, and on that basis denies the same.

54.     Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 54 of the Complaint, and on that basis denies the same.

55.     Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 55 of the Complaint, and on that basis denies the same.

56.     Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 56 of the Complaint, and on that basis denies the same.

57.     Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 57 of the Complaint, and on that basis denies the same.

58.     Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 58 of the Complaint, and on that basis denies the same.

59.     Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 59 of the Complaint, and on that basis denies the same.

60.     Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 60 of the Complaint, and on that basis denies the same.

61.     Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 60 of the Complaint, and on that basis denies the same.

62.     Mr. Hinkle lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 61 of the Complaint, and on that basis denies the same.

63.     Mr. Hinkle denies the allegations contained in Paragraph 63.

64.     Mr. Hinkle denies the allegations in the first and second sentences of paragraph 64. Mr. Hinkle admits to providing investigational testimony, which, in its entirety speaks for itself, and on that basis, Mr. Hinkle denies the allegation that characterizes his testimony.

65. Mr. Hinkle is without information sufficient to admit or deny the allegations in paragraph 65 as they relate to Mr. Donovan. To the extent that the allegations relate to 'their conduct' the allegations are vague and ambiguous and cannot be answered. To the extent that the allegations are intended to mean that Mr. Hinkle was in the possession of material non-public information related to Covad, the allegations are denied. To the extent that there are any other allegations in paragraph 65, they are denied.

66. Paragraph 66 does not require a response as it does not contain any allegations of fact and in response thereto, Mr. Hinkle incorporates and restates his answers to all preceding allegations herein.

67. Mr. Hinkle denies the allegations in paragraph 67.

68. Mr. Hinkle denies the allegations in paragraph 68.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they seek to hold Mr. Hinkle liable for the allegedly criminal acts of a third person.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to state a claim.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of laches and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Mr. Hinkle acted at all times in good faith.

WHEREFORE, Mr. Hinkle requests that this Court:

1) Dismiss the Complaint with prejudice;

2) Award to Mr. Hinkle:

   a) All costs of court;

    b)       Reasonable and necessary attorneys' fees; and,

    c)       Such other and further relief as the Court deems just and proper.

DAVID R. HINKLE.

By his attorneys,

/s/ Daniel P. Tighe_____
Daniel P. Tighe (BBO 556583)
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, Massachusetts 02110-2214
Tel: (617) 542-9900
Fax: (617) 542-0900

Dated: June 6, 2008

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 6, 2008.

/s/ Daniel P. Tighe